UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                              22-CR-256 (JMC)

SAMUEL FONTANEZ-RODRIGUEZ
'
**MEMORANDUM IN AID OF SENTENCING**

Defendant, by and through undersigned counsel, does herby respectfully submit this Memorandum in Aid of his sentencing scheduled for February 2l, 2023.

I. **The Offense**

This case arises from the events of January 6, 2021 at the United States Capitol. Defendant has been charged with the misdemeanor offense of Parading, Demonstrating or Picketing in a Capitol Building, in violation of 340 U.S.C. Section 5104 (e)(2)(G). Defendant has been released on his own personal recognizance since his presentment and has fully abided by all conditions of release during the entirety of these proceedings.

Defendant's conduct during the January 6, 2021 event consisted of entering the Capitol at 2:15 pm through a broken window next to the

1

Senate Wing. Defendant was inside the Capitol for approximately one minute and left the Capitol at 2:16 pm.

Defendant was not engaged in any violent or destructive conduct while inside the Capitol for the one-minute period.

**II. Acceptance of Responsibility**:

Defendant emphasizes two critical aspects of this case.

1. Defendant, immediately upon learning that his name was being associated with the events of January 6, 2021, arranged for a voluntary surrender. He took this action to accept responsibility for his conduct and to avoid the police having to take any unnecessary measures to take him into custody.

2. Defendant entered a plea of guilty as soon as the plea was able to be negotiated and agreed upon by the parties. He has been incredibly cooperative with the United States and with his counsel in reaching a timely disposition. Defendant has been completely forthcoming and open about his activities on January 6, 2021 and has never attempted to either impede the investigation into this matter or to try to minimized his participation his conduct.

**III. The 18 U.S.C. Section 3553 factors**.

The sentencing guidelines do not apply to the misdemeanor offense that defendant has pled guilty to. Accordingly, the considerations to be taken into account by the Court in fashioning a sentence are governed by 18 U.S.C. Section 3553.

Pursuant to 18 U.S.C. Section 3553, the court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

The case arises from the events of January 6, 2021. It is certain that some of the individuals charged in the events were engaged in violent and destructive actions. Defendant, by everyone's agreement, was not engaged in any violent conduct against ant police officers or any other individuals on the grounds of the United States Capitol. He unquestionably has accepted responsibility for illegally parading and demonstration inside the Capitol. Notwithstanding his plea of guilty, it is emphasized that defendant was inside the building for only a period of one minute.
(2) The need for sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

Defendant acknowledges this was a significant offense. However, his life has been disrupted as a consequence of his actions and he is deeply remorseful for his conduct on January 6, 2021. Defendant's post-event conduct has demonstrated his understanding of the nature of the offense and his profound remorse for his conduct on January 6, 2021.

(B) to afford adequate deterrence to criminal conduct.

There is nothing on defendant's background to suggest he will ever again engage in criminal conduct. He is married and the father of two young children. He is a responsible, loving and devoted family man and everything in his background suggests he will continue to live a law-abiding life.

(C) to protect the public from further crimes of the defendant.

For the reasons stated herein, defendant is not in any manner a threat to the public. He has fully abided by all conditions of his pre-trial release in this matter. There is no evidence to suggest he will not continue to lead a productive and law-abiding life as a responsible person who takes care of the needs of his family.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As evidenced in the presentence report, defendant has been responsibly employed throughout his adulthood. He is currently employed as forklift operator in New Jersey. He works the nightshift and earns $24.00 per hour. His employer is aware of this charge. Defendant plans to continue in this employment capacity following sentencing.

**IV. A sentence of probation is consistent with other sentences for misdemeanor convictions for conduct charged related to the events of January 6, 2021**.

Defendant notes the following sentences for violation of 40 U.S.C. Section 5104 (e)(2)(G):

1. Anna Morgan-Lloyd, 21-CR-164 (RCL), 36 months probation;

2. Valerie Ehrke, 21-CR-97 (PLF), 36 months probation;

3. Jacob Hiles, 21-CR-155 (ABJ), 24 months probation;

4. Douglas Wangler, 21-CR-(DLF), 24 months probation;

5. Bruce Harrison, 21-CR-365 (DLF), 24 months probation.

## CONCLUSION

Defendant respectfully seeks imposition of a sentence of probation. His conduct demonstrates his understanding and appreciation of the crime

for which he has pled guilty. His personal behavior further demonstrates his cooperative efforts in resolving the matter. He is prepared to go forward in his life as a law abiding and productive member of society. A sentence of probation is consistent with other sentences imposed in the United States District Court for the District of Columbia and satisfies the considerations as set forth in 18 U.S.C. Section 3553.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this the 19th day of January, 2023.

_____/s/_____
Steven R. Kiersh